IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

BOBBY J. SMITH,

    Petitioner,

vs.                                                No.
                                                  No. 99-20231(Ml)B
WARDEN, FEDERAL CORRECTIONAL
INSTITUTION, FORREST CITY,
ARKANSAS,

    Respondent.

---

ORDER CONSTRUING MOTION AS PETITION PURSUANT TO 28 U.S.C. § 2241
ORDER TO PAY FILING FEE OR SUBMIT IN FORMA PAUPERIS AFFIDAVIT
AND
ORDER TRANSFERRING PETITION TO EASTERN DISTRICT OF ARKANSAS

---

Bobby J. Smith, Bureau of Prisons inmate registration number 17159-076, an inmate at the Federal Correctional Institution in Forrest City, Arkansas ("FCI-Forrest City"), filed an irregular document on August 7, 2006, in which he seeks an order directing the BOP to award him sentence credit for the time he was in federal custody in connection with his federal charge.[1]  On September 29, 2006, Smith filed an addendum.  Construing the document liberally, see Haines v. Kerner, 404 U.S. 519 (1972), the Court recognizes

---

[1] Smith alleges that he was arrested by DEA agents on November 17, 1999, and remained in federal custody until September, 25, 2000.

Smith's motion as a habeas petition under 28 U.S.C. § 2241.[2]  The proper respondent to a habeas petition is the custodian of the prisoner.  Smith's custodian with regard to the execution of his sentence is the Warden at FCI-Forrest City.

Accordingly, it is therefore ORDERED that the Clerk remove Smith's motion and the addendum (docket entries #220 and #222) from the criminal file and docket them collectively as a habeas petition under 28 U.S.C. § 2241 and record the Respondent as Warden, FCI-Forrest City.[3]

A habeas petition carries a filing fee of five dollars ($5.00).  28 U.S.C. § 1914(a).  Smith's pleading is not accompanied by either the filing fee or a motion to proceed in forma pauperis.  Accordingly, Smith is ORDERED to pay the filing fee or submit a properly completed in forma pauperis affidavit demonstrating his indigency within eleven (11) days of the entry of this order.

The law is clear that the proper venue for a § 2241 petition is the judicial district where the Petitioner is confined or where his custodian is located. Braden v. 30th Judicial Circuit Ct., 410 U.S. 484, 495-96 (1973); Roman v. Ashcroft, 340 F.3d 314, 318-20 (6th Cir. 2003); Wright v. United States Bd. of Parole, 557 F.2d

---

[2] Habeas corpus is the remedy for a federal prisoner who is raising issues that challenge the execution of his sentence. United States v. Jalili, 925 F.2d 889, 893 (6th Cir. 1991); Wright v. United States Bd. of Parole, 557 F.2d 74, 78 (6th Cir. 1977).

[3] Although the petition is styled in the manner of a criminal case, the proper Respondent to a habeas petition is the Petitioner's custodian.  28 U.S.C. § 2243.  The Clerk is ORDERED to remove the United States as a party to this action.

74, 77 (6th Cir. 1977) ("The habeas corpus power of federal courts over prisoners in federal custody has been confined by Congress through 28 U.S.C. § 2241 to those district courts within whose territorial jurisdiction the custodian is located."); see also United States v. Griffith, No. 95-1748, 1996 WL 316504, at *2 (6th Cir. June 10, 1996) (to the extent prisoner's filing is construed as § 2241 petition, "the Eastern District of Michigan is not the proper venue to file a § 2241 motion for one incarcerated in Lompoc, California").  Roman was superseded by the Supreme Court decision in Rumsfeld v. Padilla, 542 U.S. 426 (2004), which reaffirmed that the proper respondent to a petition for a writ of habeas corpus is the warden of the facility in which the Petitioner is confined.  "[L]ongstanding practice confirms that in habeas challenges to present physical confinement—'core challenges'—the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official." Id. at 435. ("there is generally only one proper respondent to a given prisoner's habeas petition").

Petitioner's habeas petition must be filed in the Eastern District of Arkansas.  The FCI Forrest City is located in Saint Francis County, which is in the Eastern Division of the Eastern District of Arkansas.  28 U.S.C. § 83(a)(1).

Therefore, under section 2241(d), the interests of justice require that this case be accepted for filing in this District, and then transferred to the Eastern District of Arkansas.  It is hereby ORDERED that the Clerk transfer this case to the United States District Court for the Eastern District of Arkansas.

IT IS SO ORDERED this 3rd day of October, 2006.

                                            s/ J. DANIEL BREEN
                                            UNITED STATES DISTRICT JUDGE